IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURA SAMUEL CRUZ and DAVID CRUZ, | : | No. 4:CV 06-1308 |
| | : | |
| | : | |
| Plaintiffs | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| THE STATE OF PENNSYLVANIA, COUNTY OF YORK, SCHAAD DETECTIVE AGENCY, ED GUMPER, et. al, | : | |
| | : | |
| | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

### December _13_, 2006

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court are Defendant County of York's Rule 12(b)(6)

Motion to Amended Complaint (doc. 25) filed on October 11, 2006 and

Defendants Schaad and Gumper's Rule 12(b)(1) & (6) Motion (doc. 28) filed on

October 14, 2006. Both Motions move this Court to dismiss the amended

complaint filed by *pro se* Plaintiffs Laura Samuel and David Cruz.

## PROCEDURAL HISTORY/FACTUAL BACKGROUND:

The procedural history in this case is somewhat tricky, and we shall attempt

to summarize it in detail as it is relevant to the disposition of the pending Motions.

1

Plaintiff David Cruz filed a *pro se* complaint on July 5, 2006 (doc. 1) accompanied by an application to proceed *in forma pauperis*. (Rec. Doc. 2). Plaintiffs claim to own a 1991 Honda automobile that was subject to forfeiture as a part of a criminal matter against Plaintiff David Cruz in York County, Pennsylvania. On September 30, 2005, Judge John S. Kennedy of the York County Court of Common Pleas issued an order directing the Commonwealth to return the Honda to Plaintiff Laura Samuel Cruz, waive the storage fees and return $1,200.00 and two pagers to her. (Ex. A to Complaint). Plaintiffs allege that Defendant Schaad Detective Agency will not waive the storage fees and return the automobile as ordered by Judge Kennedy.

Prior to the granting of Plaintiff's *in forma pauperis* application, he filed a letter (doc. 6) with the Court requesting the ability to amend his complaint, particularly to add his wife, Laura Samuel Cruz, as a Plaintiff. Attached to the letter was an amended complaint. In two separate Orders entered on July 14, 2006, we granted the Plaintiff leave to amend his complaint and granted his application to proceed *in forma pauperis*.

Upon service by the United States Marshal, Defendants County of York and Schaad and Gumper filed motions to dismiss. (Rec. Docs. 12 and 14). Following the filing of the motions to dismiss, Plaintiffs requested extensions of time to file

2

briefs in opposition (docs. 16 and 20), which we granted by Order dated September 14, 2006. However, during the period within which Plaintiffs were to file briefs in opposition to the pending motions to dismiss, they filed two motions for leave to amend the complaint. (Rec. Docs. 19 and 22). In the interests of justice and caution, we allowed Plaintiffs amended complaint to be filed and dismissed the pending motions to dismiss as moot by Order dated October 4, 2006. (Rec. Doc. 23).

As previously noted, the instant Motions were filed on October 11 and 14, 2006. (Rec. Docs. 25 and 28). On October 20, 2006, Plaintiffs filed a letter (doc. 31) with the Court requesting a thirty day extension to file a briefs in opposition to the instant Motions. On October 23, 2006 the Plaintiffs filed a formal motion for extension of time. (Rec. Doc. 34). On October 25, 2006, we entered an Order granting Plaintiffs thirty days to file briefs in opposition to the pending Motions. The extended time granted by this Court has since lapsed without a filing by the Plaintiffs.

## DISCUSSION:

At every turn, and with particular cognizance of Plaintiffs' *pro se* status as well as of Plaintiff David Cruz's incarceration, we have granted Plaintiffs several opportunities to amend their complaint as well as numerous extensions of time to

file responsive documents.  The last Order issued by this Court in this matter

granted Plaintiffs until November 25, 2006, at the latest, to file a brief in

opposition to the pending Motions.  That date has clearly passed and the Plaintiffs

have not filed anything with the Court that could be construed as a brief in

opposition to the pending Motions.  Pursuant to Local Rule 7.6, the failure to file a

brief in opposition to a pending Motion requires this Court to deem the motion as

unopposed.

In light of the Plaintiffs blatant failure to either file a brief in opposition to

the pending Motions or to, at least, request additional time to file briefs, we are

constrained to deem the Motions as unopposed.  We note that we have granted the

Plaintiffs every consideration to fully litigate the instant action, and their failure to

do so indicates to us an unwillingness to pursue this matter.  Accordingly, we shall

grant the instant Motions (docs. 25 and 28) and order the Clerk to close this case.

An appropriate Order shall issue.