IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURA SAMUEL CRUZ and DAVID CRUZ, | : | No. 4:CV 06-1308 |
| Plaintiffs | : | Judge Jones |
| v. | : | |
| THE STATE OF PENNSYLVANIA, COUNTY OF YORK, SCHAAD DETECTIVE AGENCY, ED GUMPER, et. al, | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

January 19, 2007

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court are the following motions filed by *pro se* Plaintiff David and Laura Samuel Cruz ("Plaintiffs"): Motion for Order Vacating Order of Dismissal Under Local Rule Authorizing Dismissal by Court 41(b) (doc. 45); Motion for Reconsideration or Reargument Pursuant to LR 7.10 (doc. 46); Motion for Order Vacating Order of Dismissal Under Local Rule Authorizing Dismissal by Court 41(b) (doc. 48); and Motion to Vacate Order. (Rec. Doc. 49). All of the Motions were filed on December 26, 2006 and move the Court to set aside its judgment rendered on December 13, 2006, whereby we granted the Defendants'

motion to dismiss and dismissed the action.

## PROCEDURAL HISTORY/FACTUAL BACKGROUND:

Plaintiff David Cruz filed a *pro se* complaint on July 5, 2006 (doc. 1) accompanied by an application to proceed *in forma pauperis*. (Rec. Doc. 2). Plaintiffs claim to own a 1991 Honda automobile that was subject to forfeiture as a part of a criminal matter against Plaintiff David Cruz in York County, Pennsylvania. On September 30, 2005, Judge John S. Kennedy of the York County Court of Common Pleas issued an order directing the Commonwealth to return the Honda to Plaintiff Laura Samuel Cruz, waive the storage fees and return $1,200.00 and two pagers to her. (Ex. A to Complaint). Plaintiffs allege that Defendant Schaad Detective Agency will not waive the storage fees and return the automobile as ordered by Judge Kennedy.

Prior to the granting of Plaintiff's *in forma pauperis* application, he filed a letter (doc. 6) with the Court requesting the ability to amend his complaint, particularly to add his wife, Laura Samuel Cruz, as a Plaintiff. Attached to the letter was an amended complaint. In two separate Orders entered on July 14, 2006, we granted the Plaintiff leave to amend his complaint and granted his application to proceed *in forma pauperis*.

Upon service by the United States Marshal, Defendants County of York and

Schaad and Gumper filed motions to dismiss. (Rec. Docs. 12 and 14). Following the filing of the motions to dismiss, Plaintiffs requested extensions of time to file briefs in opposition (docs. 16 and 20), which we granted by Order dated September 14, 2006. However, during the period within which Plaintiffs were to file briefs in opposition to the pending motions to dismiss, they filed two motions for leave to amend the complaint. (Rec. Docs. 19 and 22). In the interests of justice and caution, we allowed Plaintiffs amended complaint to be filed and dismissed the pending motions to dismiss as moot by Order dated October 4, 2006. (Rec. Doc. 23).

As previously noted, the instant Motions were filed on October 11 and 14, 2006. (Rec. Docs. 25 and 28). On October 20, 2006, Plaintiffs filed a letter (doc. 31) with the Court requesting a thirty day extension to file a briefs in opposition to the instant Motions. On October 23, 2006 the Plaintiffs filed a formal motion for extension of time. (Rec. Doc. 34). On October 25, 2006, we entered an Order granting Plaintiffs thirty days to file briefs in opposition to the pending Motions The extended time granted by this Court lapsed without a filing by the Plaintiffs.

Thereafter, on December 13, 2006, we issued a Memorandum (doc. 38) and Order (doc. 39) granting the Motions to Dismiss. We deemed the Motions to Dismiss as unopposed because Plaintiff had failed to file briefs in oppositions to

the Motions, and the Motions were granted on that basis.

**DISCUSSION**:

The four instant Motions filed by the Plaintiffs contain a singular theme and assertion: that Plaintiffs did not receive a copy of our October 25, 2006 Order granting them an extension of time to file a brief in opposition to the pending Motions. To that end, it is telling that Plaintiffs filed a submission on November 2, 2006 (doc. 37) responding to the Defendants' previously filed opposition to Plaintiffs' motion for extension of time. Within the current Motions, Plaintiffs indicate that they were essentially waiting for the Court to rule on the motion for extension of time before they would file a brief in opposition. Plaintiffs also indicate that they did not receive a copy of our October 25, 2006 Order denying their motion for appointment of counsel.

While we presume that these Orders were mailed to Plaintiffs by the Clerk of this Court, our review of the docket indicates to us that it is possible that Plaintiffs did not receive the Orders, especially in light of his November 2, 2006 filing (doc. 37). In the interest of justice and in an abundance of caution, we shall vacate our December 13, 2006 Memorandum and Order and reopen this action. We shall grant the Plaintiffs thirty (30) days from the entry of this Order to file a brief in opposition to the Defendants Motions to Dismiss. Upon receipt of

Plaintiffs' brief, we shall promptly decide the Motions to Dismiss.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion for Order Vacating Order of Dismissal Under Local Rule Authorizing Dismissal by Court 41(b) (doc. 45); Motion for Reconsideration or Reargument Pursuant to LR 7.10 (doc. 46); Motion for Order Vacating Order of Dismissal Under Local Rule Authorizing Dismissal by Court 41(b) (doc. 48); and Motion to Vacate Order (doc. 49) are GRANTED to the following extent:

    a. This Court's Memorandum (doc. 38) and Order (doc. 39) dated December 13, 2006 is VACATED.

    b. The Clerk is directed to REOPEN this case.

2. Within **thirty (30)** days of the entry of this Order, Plaintiffs shall file a brief in opposition to the Defendants Motions to Dismiss.

John E. Jones III
United States District Judge