IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID CRUZ and LAURA SAMUEL CRUZ, | : | No. 4:CV 06-1308 |
| Plaintiff | : | Judge Jones |
| v. | : | |
| THE STATE OF PENNSYLVANIA, COUNTY OF YORK, SCHAAD DETECTIVE AGENCY, ED GUMPER, et. al, | : | |
| Defendants | : | |

# MEMORANDUM

## April 11, 2007

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before the Court are: Plaintiffs' Motion for Leave to Amend Complaint - Responding to Motion to Dismiss Complaint Rule 15(a) (doc. 57) filed on February 5, 2007 and Plaintiffs' Motion Compelling Production of Documents Rules 34 and 37 (doc. 62) filed on March 29, 2007.

Also pending before the Court are: Defendant York County's Motion to Dismiss the Amended Complaint (doc. 25) filed on October 11, 2006 and Defendants Schaad Detective Agency and Ed Gumper's Motion to Dismiss the Amended Complaint (doc. 28) filed on October 14, 2006.

**PROCEDURAL HISTORY**:

This case has a complicated and lengthy procedural history. We shall undertake a detailed summary of the procedural history inasmuch as it is highly relevant to the disposition of the above-referenced pending Motions as well as the directives we shall make to the Plaintiffs within this Order.

On July 5, 2006, Plaintiff David Cruz commenced the instant action by filing a complaint. (Rec. Doc. 1). (Rec. Doc. 2). On July 13, 2006, Plaintiff filed an amended complaint, adding his wife, Laura Samuel Cruz as a party-Plaintiff. (Rec. Doc. 6). On July 14, 2006, Plaintiffs were granted *in forma pauperis* status and the United States Marshal was directed to serve the amended complaint.

On August 31, 2006, Defendants Schaad Detective Agency and Ed Gumper filed a Motion to Dismiss with supporting brief. (Rec. Docs. 12 and 13). On September 6, 2006, Defendant County of York filed a Motion to Dismiss with supporting brief. (Rec. Docs. 14 and 15). On September 11, 2006, Plaintiffs filed a motion for extension of time to file a brief in opposition to Defendants Schaad and Gumper's Motion to Dismiss (doc. 16), which was granted by Order dated September 14, 2006. (Rec. Doc. 17). On that same date, Plaintiffs filed a brief in opposition to Defendants Schaad and Gumper's Motion to Dismiss (doc. 18), as well as a Motion for Leave to Amend the Complaint. (Rec. Doc. 19). Thereafter, on September 21, 2006, Plaintiffs filed a motion for extension of time to file a brief

in opposition to Defendant County of York's Motion to Dismiss (doc. 20), which we granted by Order dated September 25, 2006. (Rec. Doc. 21).[1] On October 2, 2006, Plaintiffs *again* filed a Motion for Leave to Amend the Complaint (doc. 22), although we had not yet ruled on the September 14, 2006 Motion for Leave to Amend the Complaint.

In an effort to clean up the chaos that had occurred on the docket by Plaintiffs' repeat filings, on October 4, 2006 we entered an Order granting Plaintiffs' dual Motions for Leave to Amend the Complaint, and dismissing as moot the pending Motions to Dismiss. (Rec. Doc. 23). The Clerk was directed to file the Amended Complaint. (Rec. Doc. 24).

On October 11, 2006, Defendant County of York filed a Motion to Dismiss the Amended Complaint (doc. 25) with supporting brief. (Rec. Doc. 26). On October 14, 2006, Defendants Schaad and Gumper filed a Motion to Dismiss the Amended Complaint (doc. 28) with supporting brief. (Rec. Doc. 29).

On October 13, 2006, Plaintiffs filed a Request for Production of Documents. (Rec. Doc. 27). On October 20, 2006, Plaintiffs filed a Motion to Appoint Counsel (doc. 30), and a letter requesting an extension of time to respond

---

[1] Already, at this early stage of the litigation, Plaintiffs are establishing an unfortunate pattern of filing for extensions and for leave to amend pleadings rather than filing briefs in opposition to pending motions.

to the pending Motions to Dismiss the Amended Complaint. (Rec. Doc. 31). On October 23, 2006, Plaintiffs filed a formal motion for extension of time to file a brief in opposition to the pending Motions to Dismiss the Amended Complaint (doc. 33) and *another* Motion to Appoint Counsel. (Rec. Doc. 34).

On October 25, 2006, we entered an Order denying both Motions to Appoint Counsel (doc. 35) and a separate Order granting the Plaintiffs' motion for extension of time, granting the Plaintiffs an additional thirty days to file opposing briefs to the pending Motions. Despite this, Plaintiffs *never* filed any opposing briefs, and on December 13, 2006, we issued a Memorandum and Order granting the Motions to Dismiss and closing the case. (Rec. Docs. 38 and 39).

Following that, we received nothing short of an assault of filings from the Plaintiffs including: Motion to Compel Production of Documents (doc. 40) with supporting brief (doc. 41), filed on December 14, 2006, another Motion to Compel (doc. 43) filed on December 21, 2006; a Motion to Vacate the Order of Dismissal (doc. 45), Motion for Reconsideration of the Order of Dismissal (doc. 46), brief in support of the reconsideration motion (doc. 47), all filed on December 26, 2006; a document titled a "Notice" for Order Vacating Order of Dismissal (doc. 48), a Motion to Vacate Order of Dismissal (doc. 49), and supporting brief (doc. 50), all filed on December 28, 2006. Finally, on January 17 and 18, 2007, Plaintiffs filed

4

an appeal of the Order of Dismissal to the United States Court of Appeals for the Third Circuit.  (Rec. Docs. 51 and 52).[2]

On January 19, 2007, we entered an Order vacating the Order of Dismissal and ordering the Clerk to reopen the case.  We ordered Plaintiffs to file a brief in opposition to the Defendants' Motions to Dismiss within thirty days.  (Rec. Doc. 53).  After that, the all too familiar pattern re-emerged.  On February 5, 2007, Plaintiffs filed a Motion to Compel Production of Documents (doc. 54) with supporting brief (doc. 55), as well as a Motion for Reconsideration (doc. 56), which essentially requested the Court to order discovery be released to Plaintiffs.  Plaintiffs also filed a Motion for Leave to File an Amended Complaint with a supporting brief.  (Rec. Docs. 57 and 58).  By Order Dated February 6, 2007, we denied Plaintiffs' Motions to Compel.  (Rec. Doc. 59).

On February 19, 2007, the thirty day period within which Plaintiffs had been ordered to file opposing briefs to Defendants pending Motions passed without a filing to that effect by the Plaintiffs.  On March 1, 2007, Plaintiffs filed a letter with the Court requesting an updated status of the case.  On March 29, 2007, Plaintiffs filed, yet again, a Motion to Compel Production of Documents.  (Rec.

---

[2] The appeal was subsequently dismissed for Plaintiffs' failure to pay the filing fees. (Rec. Doc. 61).

Doc. 61). On April 2, 2007, Defendant County of York filed a brief in opposition to the Motion to Compel. Within that brief, the Defendant County of York requested that the Court dismiss this action for the Plaintiffs' willful failure to obey clear and direct orders of this Court.

**DISCUSSION**:

As the detailed review of the procedural history underlying this case reveals, Plaintiffs have repeatedly and consistently avoided filing opposing briefs to the pending motions to dismiss in this action by choosing one of three routes: filing a motion for an extension of time, filing a motion for leave to amend the complaint, or filing a motion to compel production of documents. What Plaintiffs have simply not done, and which this Court has ordered them to do, is file an opposing brief to the pending motions to dismiss.

Pursuant to Local Rule 7.6, if a party does not file a responsive brief within the time prescribed by the Court, the Court shall deem the motion as unopposed and may grant the unopposed motion. Before doing so however, we are inclined to undertake a brief merits analysis of the Plaintiffs' claims as they relate to each set of moving Defendants.

**A.    Standard of Review**

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a

court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d7 310 (3d Cir. 1986).

**B.     Factual Background**

Plaintiffs claim to own a 1991 Honda that was subject to forfeiture as part of a criminal matter in York County, Pennsylvania.  On September 30, 2005, Judge John S. Kennedy of the York County Court of Common Pleas issued an Order directing the Commonwealth to return the said Honda to Mrs. Cruz, waive the storage fees and return $1,200.00 and two (2) pagers to Mrs. Cruz.  In response, the Commonwealth issued the following two (2) letters:  On February 7, 2006, William H. Graff, Chief Deputy Prosecutor for the York County District

Attorney's Office wrote Ed Gumper of Schaad Detective Agency, advising him to release the Honda to Mrs. Cruz and further advising that the storage fees were to be placed on York County. On that same date Graff also wrote to Mrs. Cruz, advising her that the car should be picked up at Schaad Detective Agency, along with the pagers.

### C.     Defendants Schaad Detective Agency and Ed Gumper

Defendants Schaad and Gumper argue that the complaint fails to state jurisdictional grounds for maintaining a cause of action in this Court against them. They further argue that pursuant to 28 U.S.C. § 1332(a), the claim does not exceed the $75,000.00 amount in controversy threshold, and therefore diversity jurisdiction cannot lie. They finally submit that the complaint does not contain allegations that arise under the Constitution or the laws of the United States, therefore, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is not appropriate.

A fair reading of the complaint indicates that Plaintiffs allege that Schaad Detective Agency, a private entity, is in possession of Plaintiffs' 1991 Honda Accord station wagon and will not return it to them. Plaintiffs' only conceivable claim against Schaad Detective Agency and Ed Gumper, its employee, would accordingly be the wrongful detention for several months, or perhaps conversion,

of a sixteen year old vehicle that likely has at best a *de minimis* value. Plaintiffs' claims of $250,000.00 in punitive and compensatory damages, mental and financial hardship, phone bills and baby sitters' fees are likely without foundation in the law or in fact, but that is not the focus of our inquiry.[3] Rather, we are directed to the evident fact that Defendants Schaad and Gumper are clearly not state actors. Accepting the allegations within Plaintiffs' complaint as true, Schaad and Gumper are, respectively, a private business corporation and its employee, a private individual. As a result, Plaintiffs can assert no claims involving a deprivation of their constitutional rights against either.

Notwithstanding the above analysis, we are moved to note that to the extent that Defendant Schaad Detective Agency still possesses the 1991 Honda and refuses to turn it over to Mrs. Cruz in violation of Judge Kennedy's October 12, 2005 Order, it may well be that Defendant Schaad is willfully disregarding an order of court. It thus appears to us that the Plaintiffs may indeed have some cause of action against Defendant Schaad and perhaps Defendant Gumper, but in any event it is not a *federal* cause of action. Plaintiffs would be better served attempting to enforce Judge Kennedy's order in the York County Court of

---

[3] We do note however that under no circumstances that we can envision would Plaintiffs' claim exceed the $75,000 jurisdictional amount under 28 U.S.C. § 1332(a).

Common Pleas. Accordingly, Defendants Schaad and Gumper's Motion to Dismiss (doc. 28) will be granted and the complaint dismissed against them.

### D.     Defendant York County

The Defendant County of York also argues that Plaintiffs have no set forth a cognizable cause of action against it. Defendant York County argues that its employee, William Graff, satisfied his and its duties by sending the aforesaid letters to both Schaad Detective Agency and the Plaintiffs, informing all parties of Judge Kennedy's order regarding the release of the vehicle. The letters, which have been viewed by the Court, clearly demonstrate that York County sought to comply with Judge Kennedy's order. That Defendants Schaad and Gumper elected to act in disregard of both Judge Kennedy's order and the letter directive from Graff does not create a claim of constitutional import against Defendant County of York. Accordingly, it is clear to the Court that the Plaintiffs have not established a claim against the County of York, and we shall dismiss the action as against it as well.

**CONCLUSION**:

In closing we note that at every turn we have granted the Plaintiffs extensions of time and the ability to amend their complaint, doing so mostly in the interests of justice and caution and recognizing the Plaintiffs' *pro se* status. As

noted, the factual background of this case certainly creates an inference that the Plaintiffs have suffered an actionable wrong.  However we are a federal tribunal possessing limited jurisdiction.  The claims as cast by Plaintiffs plainly do not fall within our narrow jurisdictional mandate.  An appropriate Order shall issue.